Reese, J,
delivered the opinion of the court.
Whether the charge of the circuit court be correct, is the only question before us. And we think it is.
In a court of law it would never, occur to counsel to inquire into the equitable interest in land of any one. The equitable right constitutes no proper subject for investigation in the legal forum. And if there be any action touching a personal chattel, which more than all others, requires the inquiry to be confined to the legal title, it is the action of detinue for slaves, in which the right ol a plaintiff to recover depends upon legal title. Courts indeed, in some cases of choses in action where the evidences of claim have been sold and delivered to another, will protect the equitable interest of such assignee by delivery when the suit has been brought for his use. But to extend this to all forms of action, and particularly to specific property sought to be specifically recovered, would obscure or obliterate the well defined distinctions between the jurisdiction of a court of law and a court of chancery. What was the court in effect called on to do?
1. To set aside the bill of sale from Miller Smith to Ma-bry, on the ground of fraudulent collusion and inadequacy of price.
2. To execute the contract between the plaintiff, William Smith, and the equitable claimants, by delivering to them the negroes to be recovered.
*315 This coarse of action falls within the sphere of our chancery courts. That the circuit judge was correct in his charge, we think clear of all doubt. The act of Assembly referred to, in cases where a suit may be properly brought in the name of one person for the use of another, subjects the latter to costs, but it does not multiply the cases in which this may be done, nor in any manner except as to costs, extend the powers of the court. We affirm the judgment.
Judgment affirmed.